1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LUKASIAN HOUSE, LLC, a California limited liability company, | Case No.  CV11-6449-JFW (FMOx) |
| Plaintiff, | [Honorable John F. Walter] |
| vs. | **[PROPOSED]** STIPULATED PROTECTIVE ORDER |
| AMPLE INTERNATIONAL, INC., etc., et al., | **NOTE CHANGES MADE BY THE COURT** |
| Defendants. | **DISCOVERY MATTER** |
| | Complaint Filed:  August 5, 2011 |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Local Rule 79-5 and Paragraph 9 of the Court's Standing Order dated August 8, 2011 the Court hereby enters the following Protective Order:

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms set out below, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the Court finds that:

1.      Documents or information containing or consisting of confidential proprietary and business information and/or trade secrets ("Confidential

1   Information") that bear significantly on the parties' claims or defenses are likely to
2   be disclosed or produced during the course of discovery in this litigation;

3       2.      The parties to this litigation may assert that public dissemination and
4   disclosure of Confidential Information could injure or damage the party disclosing
5   or producing the Confidential Information and could place that party at a
6   competitive disadvantage; and

7       3.      To protect the respective interests of the parties and to facilitate the
8   process of disclosure and discovery in this case, the following Order should issue.

9       **IT IS THEREFORE ORDERED THAT:**

10      **Designation of Certain Discovery Material as "Confidential,"**

11      **Or "Confidential – Attorneys' Eyes Only"**

12      1.      Documents or discovery responses containing Confidential
13  Information disclosed or produced by any party in this litigation, and any non-party
14  from whom discovery is sought in connection with this action, are referred to as
15  "Protected Documents."  Except as otherwise indicated below, all documents or
16  discovery responses designated by the producing party as "CONFIDENTIAL" or
17  "CONFIDENTIAL – ATTORNEYS' EYES ONLY"[1] and which are disclosed or
18  produced to the attorneys for the other parties to this litigation are Protected
19  Documents and are entitled to confidential treatment as described below.

20      2.      Protected Documents, without limitation, shall **NOT** include: (a)
21  publicly disseminated advertising materials; (b) materials that have been published
22  to the general public; or (c) documents that have been submitted to any
23  governmental entity without request for confidential treatment or that otherwise do
24  not qualify for confidential treatment under applicable governmental laws or
25  regulations.

26

27  _____
    [1]      Documents and discovery responses that are produced with a comparable
28  designation, such as "HIGHLY CONFIDENTIAL –COUNSEL EYES ONLY," or
    other like variations are entitled to the same confidential treatment as those
    designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

A.     A party may designate as "CONFIDENTIAL" those materials which the producing party in good faith believes constitute Confidential Information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence. Protected Documents in one or more of the following categories shall qualify for designation as "CONFIDENTIAL": information that has not been made public, has not been marked or otherwise designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and (i) constitutes, reflects or discloses a "trade secret" as that term is defined in California Civil Code section 3426.1 or other confidential research, development, or commercial information within the scope of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure the disclosure of which the disclosing party reasonably believes could cause harm to the business operations of the disclosing party or provide an improper business or commercial advantage to others, or (ii) is protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

B.     Any highly confidential information may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Protected Documents in one or more of the following categories shall qualify for the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: (i) non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology; (ii) non-public damage-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins); (iii) non-public financial information; (iv) customer lists; (v) business and/or marketing plans; (vi) price lists and/or pricing information; (vii) license

1  agreements; and (viii) information obtained from a nonparty pursuant to a current

2  Non-Disclosure Agreement ("NDA").

3         C.    Protected Documents designated as "CONFIDENTIAL" or

4  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" should be so identified at the

5  time of service of such Protected Documents by including on each page the legend

6  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", as the

7  case may be.

8

9                **Challenge to Designation/No Obligation to Challenge**

10         3.    At any time after the delivery of Protected Documents, counsel for the

11  party or parties receiving the Protected Documents may challenge the confidential

12  designation of one or more Protected Documents by providing written notice to

13  counsel for the party disclosing or producing the Protected Documents,  and

14  complying with Local Rule 37. On any such motion brought pursuant to Local Rule

15  37, the burden of proof shall lie with the producing party to establish that the

16  information is, in fact, properly designated as "CONFIDENTIAL," or

17  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.  No party shall

18  be obligated to challenge the propriety of any designation, and the failure to do so

19  shall not preclude a subsequent challenge to the propriety of any such designation.

20

21                **Access to Protected Documents**

22         4.    All Protected Documents and any information contained therein shall

23  not be used or shown, disseminated, or in any way communicated to anyone for any

24  purpose, except for use in this litigation.

25         5.    Subject to the limitations set forth in this Order, Protected Documents

26  and any information contained therein that have been designated as

27  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed only to the

28  following persons:

A.     Outside counsel of record in this action and their employees;

B.     The Court, including clerks, other Court personnel, and jury members;

C.     Independent experts or consultants, provided they agree to maintain the confidentiality of documents pursuant to this Protective Order by signing the Agreement attached hereto as Exhibit "A";

D.     Outside vendors, including e-discovery, graphics, animation, translation, and jury consultant vendors (but not including mock jurors), assigned to and necessary to assist such counsel in the preparation and trial of this action, provided they agree to maintain the confidentiality of documents pursuant to this Protective Order by signing the Agreement attached hereto as Exhibit "A";

E.     Any court reporter (other than "Court personnel" referenced in 5.B., above) or videographer present in his or her official capacity at any hearing, deposition, or other proceeding in this action, provided that such court reporter or videographer agrees to maintain the confidentiality of documents pursuant to this Protective Order by signing the Agreement attached hereto as Exhibit A;

F.     Any person who is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium, but only with respect to the specific document, information therein, or tangible medium; and

G.     Witnesses for the party producing the document who have access in the course of their employment to the document and who are being examined on the subject of the document.

6.     Subject to the limitations set forth in this Order, Protected Documents and any information contained therein that have been designated as "CONFIDENTIAL" shall be disclosed only to (i) those persons identified in Paragraphs 5.A. though 5.G., above, and (ii) not more than two officers, directors and/or key employees of the receiving party who are directly and actively involved

in advising or assisting outside counsel of record in the instant proceeding in connection with that party's claims or defenses.

### Limited Access By Certain Deposition Witnesses

7. Protected Documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to a witness not already allowed access to such information under this Order only if counsel for the party designating the material as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" agrees in writing or on the record, before disclosure, that the material may be disclosed to the witness.  Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

### Use of Protected Documents at Depositions

8. To the extent that Protected Documents or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Protected Documents or information contained therein. Any deposition transcript, in whole or in part, may be designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by an appropriate statement at the time such testimony is given, whereupon the reporter shall separately bind the designated portions and mark the original and all copies of those portions of the transcript as designated.

9. If a party fails to designate any portion of a deposition as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time the deposition is taken, that party may, within thirty (30) days following receipt of the deposition transcript, designate all or any portion of the transcript as protected by notifying all other parties in writing of the portions of the transcript to

be so designated.  Upon such designation, the party receiving the written notice shall treat the deposition testimony per the designation under this Protective Order. Any use of the testimony or submission of such testimony to the Court prior to the late designation need not be retracted.  Nothing in this paragraph shall prevent the receiving party from objecting to the designation, following the procedures and burdens of proof otherwise set forth herein for objecting to confidentiality designations.

## Related Material

10.	The restrictions on the use of Protected Documents established by this Protective Order shall extend to all copies, extracts and complete or partial summaries prepared from such Protected Documents.

## Filing of Information Under Seal for Use At Hearing Or Trial

11.	Any party desiring to file under seal any pleadings or other documents containing the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of any party for use in connection with a hearing or trial shall seek prior approval of the Court pursuant to Local Rule 79-5 by presenting to the Court a written application and a proposed order, along with the document or documents submitted for filing under seal.  In addition to complying with Local Rule 79-5, any party seeking approval to file a document or documents under seal shall comply with Paragraph 9 of the Court's Standing Order dated August 8, 2011 (the "Standing Order").

12.	Pursuant to Paragraph 9 of the Standing Order, if a party wishes to file a document that has been designated confidential by another party, the submitting party shall give the designating party five calendar days' notice of its intent to file. If the designating party objects, it shall notify the submitting party and the burden

1    will then be on the designating party to file an application to file the document or

2    documents under seal within two court days.

3         13.    The parties shall not file any pleadings containing documents they

4    have requested the Court to file under seal until the Court acts on the application to

5    file under seal.

6

7    **Subpoenas or Court Orders to Compel Disclosure of Protected Documents**

8         14.    If a receiving party is served with a subpoena or court order that would

9    compel disclosure of any information, documents or things designated in this action

10   as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", the

11   receiving party must notify the designating party in writing (by fax or email)

12   promptly as soon as reasonably possible and, in any event, before any compliance

13   under such subpoena or court order is requested or required.  Such notification must

14   include a copy of the subpoena or order.  The designating party shall bear the

15   burdens and the expenses of seeking protection of its designated material.

16

17                       **Inadvertent Failure to Designate**

18        15.    Inadvertent or unintentional production of documents or information

19   containing Confidential Information which are not designated "CONFIDENTIAL"

20   or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be deemed a

21   waiver in whole or in part of a subsequent claim for confidential treatment.

22   However, nothing in this Order shall prevent the receiving party from challenging

23   the propriety of the late designation under the provisions of paragraph 3, above.

24

25

26

27

28

## Inadvertent Disclosure of Privileged Materials

16.    The inadvertent or unintentional production or disclosure of documents (including physical objects) or information protected under the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity shall not operate as a waiver of the applicable privilege or immunity provided, as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity and requests return of such documents to the producing party.  Upon request by the producing party, the receiving party shall immediately return such inadvertently produced document(s), certify in writing that all copies of such documents have been destroyed, and destroy any work product based on or incorporating the content of such material.  If the receiving party contests the privilege or immunity designation by the producing party, the receiving party shall give the producing party written notice of the reason for the disagreement.  The receiving party shall then have forty-five (45) days to file a motion to compel production of the material at issue.  If the receiving party fails to file such a motion within the required period, then the receiving party waives any right to move to compel the subject material.

## No Effect on Federal Rules of Civil Procedure or Federal Rules of Evidence

17.    Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

## Termination and Disposition Upon Conclusion

18.    The provisions of this Protective Order may not be modified, waived, or terminated except by order of the Court.

19.   Within sixty (60) calendar days following the termination of this action, including any appeals, each party shall destroy all Protected Documents received from any other party.  As used in this paragraph, "all Protected Documents" includes all copies, abstracts, compilations and summaries of Protected Documents, regardless of format.  Within the same sixty (60) day period, the receiving party shall then certify in writing that each other party's Protected Documents have been destroyed.  Notwithstanding this provision, outside counsel of record may retain one archival copy of all pleadings, motion papers, any documents or materials filed or used in court, exhibits offered or introduced into evidence at trial, legal memoranda, correspondence, attorney work product, even if such materials contain Protected Documents, deposition transcripts, reports (including exhibits) produced by any expert and discovery requests and responses (including exhibits) even if such materials contain Protected Documents.  Any such archival materials remain subject to this protective order as set forth in Paragraphs 4 and 16, above.

**Others Bound By Order**

20.   This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

//
//
//
//
//

**Third Parties**

21.     This protective order shall afford all third parties who produce any Protected Documents, either voluntarily or pursuant to legal process, the same protections afforded to the parties to this action.  The parties shall treat such Protected Documents or other information in accordance with the terms of this Order.  To the extent applicable, the remaining provisions of this protective order shall apply to third parties.  However, a third party's use of this protective order to protect its confidential documents or information does not entitle that third party access to Protected Documents or information produced by a party in this case.  A copy of this Protective Order shall be served along with any subpoena served on any third party in connection with this action.

**Party's Own Information**

22.     The restrictions on the use of Protected Documents established by this Order are applicable only to Protected Documents received by a party from another party or from a third party.  A party is free to do whatever it desires with its own Protected Documents.

//

//

//

REMAINDER OF THIS PAGE INTENTIOALLY LEFT BLANK

## No Admission Regarding Confidentiality

23.     Neither a party's designation of information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" nor any other party's failure to oppose or challenge any such designation shall be construed as an admission that such information is, in fact, a trade secret or confidential information.

Dated:  November  1  , 2011          _____/s/_____
                                                    Fernando M. Olguin
                                                    U.S. Magistrate Judge


Submitted By:

Jeffrey G. Sheldon (SBN 67516)
jgsheldon@usip.com
Douglas H. Morseburg (SBN 126205)
douglas.morseburg@usip.com
Elizabeth L. Swanson (SBN 150894)
elizabeth.swanson@usip.com
SHELDON MAK & ANDERSON PC
100 Corson Street, Third Floor
Pasadena, CA 91103-3842
Telephone:  626.796.4000
Facsimile:   626.795.6321

Attorneys for Plaintiff Lukasian House, LLC

                and

Gary F. Wang (SBN 195,656)
garywang@gfwanglaw.com
Franklin E. Gibbs (SBN 189,015)
fgibbs@gfwanglaw.com
LAW OFFICES OF GARY F. WANG
215 N. Marengo Avenue, Ste. 352
Pasadena, California 91101
Telephone:  626.585.8001
Facsimile:   626.585.8002

Attorneys for Defendants Ample International, Inc., Chen Chen (also known as Jane Chen) and Aprille Vergara